Chen v. Sessions

BIA
Poczter, IJ
A206 281 800

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

QINGLAN CHEN,
> *Petitioner,*

v.                                                  16-2733
                                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Yee Ling Poon (and Deborah
                             Niedermeyer, *on the brief*), New
                             York, NY.

FOR RESPONDENT:              Chad A. Readler, Acting
                             Assistant Attorney General; M.
                             Jocelyn Lopez Wright, Senior
                             Litigation Counsel; Sara J.
                             Bayram, Trial Attorney, Office
                             of Immigration Litigation,
                             United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qinglan Chen, a native and citizen of the People's Republic of China, seeks review of a July 26, 2016, decision of the BIA affirming a March 12, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qinglan Chen,* No. A206 281 800 (B.I.A. July 26, 2016), *aff'g* No. A206 281 800 (Immig. Ct. N.Y. City Mar. 12, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. See *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an

2

applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in his or her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Chen was not credible.

First, the agency reasonably relied on Chen's inconsistent testimony about how she and her witness, Qui, prepared written statements in support of each other's asylum applications. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen initially testified that she and Qui wrote the statements together; however, Chen later testified that they did not. Chen argues that this was an improper basis because her statement in support of Qui's application was not in the record. However, the agency may rely on "*any* inconsistency" and here relied on Chen's inconsistent testimony about the statements, not on the statements themselves. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may

3

rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."). The IJ also observed that Chen was hesitant and nonresponsive when asked how the statements were prepared. *See Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Second, the agency reasonably found Chen and Qui's shared practice of Falun Gong implausible based on Qui's testimony and credit report. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Chen and Qui testified that they had practiced Falun Gong together multiple times per month in New York since 2014, Qui's credit report reflected no ties to New York and placed him in North Carolina during the relevant period. Accordingly, contrary to Chen's position, the implausibility finding is "tethered to the evidentiary record." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the

factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

Last, the agency reasonably found that Chen's corroborating evidence was insufficient to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Chen argues that the agency was required to give her an additional opportunity to obtain a statement or testimony from her sister. The argument misunderstands the agency's decision. Although the agency must identify missing evidence and solicit an explanation for its absence before denying relief on corroboration grounds, the same process is not required where an applicant's testimony has already been called into question. *Compare Biao Yang*, 496 F.3d at 273, *with Chuilu Liu v. Holder*, 575 F.3d 193, 197, 198 n.5 (2d Cir. 2009).

Given the foregoing inconsistency, implausibility, demeanor, and corroboration findings, we conclude that the

5

adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not reach the agency's alternative determination that Chen's asylum application was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6